# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **DANIELLE ANN POWERS** | **CASE NO. 6:19-CV-00504** |
| **VERSUS** | **JUDGE DOUGHTY** |
| **BEACON C M P CORP ET AL** | **MAGISTRATE JUDGE HANNA** |

## REPORT AND RECOMMENDATION

Before the Court is the Motion to Remand and Abstention filed on behalf of Plaintiff, Danielle Ann Powers (Rec. Doc. 6), filed in response to the removal by Defendants, Johnson & Johnson and Johnson & Johnson Consumer Inc. (collectively "J&J") (Rec. Doc. 1). J&J opposes the Motion (Rec. Doc. 12), and Plaintiff has replied (Rec. Doc. 16). Colgate-Palmolive Company submitted a brief in which it "takes no position on the merits of the removal." (Rec. Doc. 8). The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that Plaintiff's Motion be GRANTED.

## Factual Background

Plaintiff filed this lawsuit arising out of the death of her mother allegedly caused by talc-containing products distributed by J&J. Among various other

defendants, Plaintiff sued J&J and Imerys Talc America, Inc., the alleged manufacturer of the talc contained in J&J products, in Louisiana state court in February 2016. (Rec. Doc. 1-2). This case is one of many such suits for talc-related damages pending around the country in both state and federal courts. (See documents at Rec. Doc. 1-2 to 1-6). According to Plaintiff, the parties were prepared to proceed with trial in January 2019, but for a stay pending appellate proceedings and Imerys's subsequent bankruptcy filing. (Rec. Doc. 6-1 at 8).

On February 13, 2019, Imerys (and affiliated companies) filed for Chapter 11 bankruptcy in the U.S. Bankruptcy Court for the District of Delaware. (Case No. 19-10289-LSS). Thereafter, on April 18, 2019, J&J filed a Motion to Fix Venue for Claims Related to Imerys's Bankruptcy Under 28 U.S.C. §§157(b)(5) and 1334(b) in the United State District Court for the District of Delaware. (Rec. Doc. 1-2 to 1-6). In that Motion, J&J seeks to have all pending talc-related claims against it consolidated in the Delaware District Court on the grounds that these lawsuits are related to Imerys's bankruptcy. That Motion remains pending.

In the meantime, upon Imerys's filing of its Chapter 11 Petition, J&J removed this case to this Court, asserting the Court's jurisdiction over civil proceedings arising in or related to cases under Chapter 11. (Rec. Doc. 1). J&J has removed only those claims against it. Plaintiff filed the Motion for Remand and Abstention now before the Court. (Rec. Doc. 6). Plaintiff argues this case is not sufficiently "related

to" Imerys's Chapter 11 to confer subject matter jurisdiction and that, regardless, the Court should remand on equitable grounds and/or abstain from maintaining jurisdiction in light of the advanced procedural posture of the case, as well as the fact that Plaintiff is no longer proceeding against Imerys in her state law-based claims. (See Rec. Doc. 6-1, fn. 9).

## **Applicable Law**

J&J removed this matter pursuant to 28 U.S.C. §1334(b) and §1452:

> Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C. §1334(b)

(a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

28 U.S.C. §1452

## I. Whether the Court should defer ruling on Plaintiff's Motion to Remand pending a decision to fix venue by the Delaware Court.

Initially, J&J argued in its Notice of Removal that the Court should defer ruling on Plaintiff's Motion to Remand pending resolution of J&J's Motion to Fix Venue for Claims Related to Imerys's Bankruptcy, which J&J filed in the United States District Court in Delaware on April 18, 2019. (Rec. Doc. 1, ¶7). If the Delaware court grants J&J's Motion, all talc claims, including the instant case, would be consolidated in that Court. (See J&J's Motion to Fix Venue at Rec. Doc. 1-2). Therefore, J&J urges the Court to defer ruling on remand until the Delaware court determines the appropriate venue.

A threshold question is whether venue or jurisdiction should be decided first, since J&J essentially asks the Court to maintain jurisdiction, yet to defer to the Delaware District Court for a determination on venue. Although this is not the first court to face the issue, the Fifth Circuit has not before considered it. This Court is persuaded by the analysis in *Briese v. Conoco-Philips Co.,* wherein the court determined that a "situation-specific" approach should be taken in determining whether to consider venue or jurisdiction first. *Briese v. Conoco-Phillips Co.*, No. 2:08-CV-1884, 2009 WL 256591, at *3 (W.D. La. Feb. 3, 2009).

In a procedurally similar case, *Marquette Transport Co. v. Trinity Marine*, the court held that transfer to the bankruptcy court was proper for a decision as to jurisdiction (i.e. that transfer should occur before the jurisdiction determination).

4

*Marquette Transport Co. v. Trinity Marine Products, Inc.,* 2006 WL 2349461 (E.D.La. Aug. 11, 2006). In that case one of the defendants in a consolidated products liability action filed for bankruptcy in Illinois. Shortly thereafter, two defendants removed the cases to the Eastern District of Louisiana pursuant to 28 U.S.C. §§1334 and 1452. *Id.* The plaintiffs moved for remand arguing that federal jurisdiction was lacking or, alternatively, that the court should abstain from considering the matter. *Id.* at *2. Subsequently, another defendant filed motions to transfer the consolidated actions to Illinois. *Id.* In determining that transfer trumped a jurisdictional finding, the court reasoned that "because the jurisdictional question in this matter is necessarily intertwined with the pending bankruptcy proceedings, the Court finds that first considering defendants' transfer motions will serve the interest of judicial economy and that the bankruptcy court is best suited to resolve the issue of section 1334 jurisdiction." *Id*. at *2. Contrast *Briese*, wherein the bankruptcy proceedings had concluded long before removal, such that there was no reason to transfer to the bankruptcy court prior to considering jurisdiction. *Briese, supra*, at *3.

An alternative approach was taken by the court in *Jackson v. Johnson & Johnson*, an identical talc-related case against J&J and Imerys, recently decided by the Eastern District of Louisiana. *Jackson v. Johnson & Johnson,* No. CV 19-9983, 2019 WL 2537837 (E.D. La. June 20, 2019). In that case, the court declined to

5

consider the existence of J&J's pending Motion to Fix Venue (the same Motion J&J urges this Court to consider in deference), finding that "the possibility that this case may be transferred to Delaware at some undefined time justifie[d] neither the denial of plaintiff's motion to remand, nor deferring ruling on the motion." *Id*. at *4.

The Court agrees with the approach taken by the court in *Jackson, supra*. A finding by the Delaware District Court to consolidate the related cases and fix venue in that Court would have the same effect regardless of whether this Court were to maintain jurisdiction or remand to State Court. Thus, the Court finds it would be inequitable to hinge this Court's jurisdiction on an anticipated decision by the Delaware District Court.

## II. **Whether the Court has subject matter jurisdiction under 28 U.S.C. §1334(b).**

Having determined to proceed with a jurisdictional analysis, the Court next considers the merits of Plaintiff's Motion to Remand. Plaintiff first argues that this Court does not have subject matter jurisdiction, because her claims are not "related to" the Debtors' Chapter 11 bankruptcy, as required by 28 U.S.C. 1334. "For the purpose of determining whether a particular matter falls within bankruptcy jurisdiction…it is necessary only to determine whether a matter is at least 'related to' the bankruptcy." *Matter of Wood*, 825 F.2d 90, 93 (5th Cir.1987). In adopting the test enunciated by the Third Circuit in *Pacor, Inc. v. Higgins*, the Fifth Circuit

defined the "related" inquiry as "whether the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy." *Id.*, quoting *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984). (Emphasis in original.)

J&J posits three reasons in support of its removal based upon "related to" jurisdiction: 1) the triggering of rights and obligations arising under supply agreements between J&J and the Debtors; 2) the Debtors' demand for coverage under J&J's insurance policies; and 3) an identity of interest between the Debtors and J&J. Plaintiff disputes all three grounds.

The Court declines to engage in a detailed analysis of whether the case is sufficiently "related to" the Debtors' bankruptcy, not only because of the Delaware District Court's pending decision on whether to consolidate all talc cases in that court, but also because the Court agrees that remand is proper. As discussed below, the doctrines of equitable remand and permissive abstention support the Court's decision to decline to exercise jurisdiction at this stage in the proceedings.

### III. Whether the Court should abstain under 28 U.S.C. §1334(c) and/or equitably remand under §1452(b).

Alternative to her argument that her claims are not "related to" the Debtors' Delaware bankruptcy, Plaintiff urges the Court to abstain from exercising jurisdiction (assuming it exists) pursuant to 28 U.S.C. §1334 and to otherwise remand pursuant 28 U.S.C. 1452(b), which authorizes the court to remand "on any

equitable ground." The Fifth Circuit succinctly discussed permissive and mandatory abstention as follows:

> Under the "permissive abstention" doctrine, 28 U.S.C. § 1334(c)(1), courts have broad discretion to abstain from hearing state law claims whenever appropriate "in the interest of justice, or in the interest of comity with State courts or respect for State law." *See also Wood v. Wood (In re Wood),* 825 F.2d 90, 93 (5th Cir.1987) (noting that § 1334(c)(1) "demonstrate[s] the intent of Congress that concerns of comity and judicial convenience should be met, not by rigid limitations on the jurisdiction of federal courts, but by the discretionary exercise of abstention when appropriate in a particular case"). Under § 1334(c)(2), however, courts *must* abstain from hearing a state law claim for which there is no independent basis for federal jurisdiction other than § 1334(b) "if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction." Mandatory abstention applies only to non-core proceedings—that is, proceedings "related to a case under title 11," but not "arising under title 11, or arising in a case under title 11." 28 U.S.C. §§ 157(b)(1) & 1334(c)(2). A court, however, may abstain at its discretion from deciding either core or non-core proceedings under § 1334(c)(1) if the interests of justice, comity, or respect for state law so require.
>
> *Matter of Gober*, 100 F.3d 1195, 1206 (5th Cir.1996).

In addition to these doctrines of abstention, the Court is authorized by §1452(b) to remand on equitable grounds. In determining whether equitable remand is appropriate, the following considerations are relevant: (1) forum *non conveniens*; (2) whether the action has been bifurcated by removal; (3) whether a state court is better able to respond to questions involving state law; (4) expertise of a particular court; (5) duplicative and uneconomic effort of judicial resources in two forums; (6) prejudice to the involuntarily removed parties; (7) comity; and (8) a lessened

8

possibility of an inconsistent result. *Browning v. Navarro*, 743 F.2d 1069, 1076 n.21 (5th Cir. 1984). The Court is vested with "broad discretion to grant or deny a motion to remand on any equitable ground." *Id*.

The Court need not conduct a detailed analysis of whether the instant proceedings constitute core or non-core proceedings for purposes of the abstention analysis, because consideration of justice and the equities in this case justify remand pursuant to §1334(c)(1) (permissive abstention) and §1452(b) (equitable remand). First, Delaware would constitute an inconvenient forum for Plaintiff, who lives in Louisiana and who sustained damages in Louisiana. Moreover, this case has been pending in Louisiana State Court since February 2016 and, according to Plaintiff, was ready to be tried in State Court in January 2019. Second, to maintain jurisdiction will result in bifurcation of the case vis-à-vis J&J and the various other defendants. Third, Plaintiff's claims arise under Louisiana tort law and products liability, issues which are more properly addressed by Louisiana state courts. Finally, it makes little sense to require Plaintiff to prosecute her claims against J&J in a new forum in Delaware, while having to prosecute her claims against the other defendants in the Louisiana forum of her original choice. As one court aptly noted in a similar case, "[f]ailure to remand would require the plaintiffs to pursue their claims in multiple forums, even if the stay were lifted, and would cause needless waste of already limited judicial resources." *Wise v. Cypress Manor Care Ctr., Inc.,* No. 05-1555,

2005 WL 2487950, at *2 (W.D. La. Oct. 6, 2005). Likewise, the Court finds that remand and permissive abstention are appropriate in this instance.

This Court joins multiple other District Courts across the country in remanding identical state-law claims against J&J, despite J&J's pending Motion to Fix Venue in Delaware. See e.g. *inter alia*, *Carrera v. Johnson & Johnson*, No. 119CV00536LJOEPG, 2019 WL 2499187, at *6 (E.D. Cal. June 17, 2019); *Removed State Court Talc Actions v. Johnson & Johnson,* No. CV 19-3080-CJC (JCX), 2019 WL 2191808, at *4 (C.D. Cal. May 21, 2019); *O'Riorden v. Johnson & Johnson*, No. 19-CV-10751-ADB, 2019 WL 2371782, at *2 (D. Mass. June 5, 2019); *Holman v. Johnson & Johnson,* 600 B.R. 6, 19 (Bankr. N.D. Ill. 2019); I*n re Imerys Talc Am., Inc.,* No. 19-10289-LSS, 2019 WL 2575048, at *5 (Bankr. W.D. Okla. June 21, 2019); *In re Johnson & Johnson*, No. 19-CV-3480(LGS), 2019 WL 2497856, at *3 (S.D.N.Y. June 4, 2019), and the multitude of cases cited therein.

## **Conclusion**

For the reasons discussed herein, it is recommended that Plaintiff's Motion for Remand and Abstention (Rec. Doc. 6) be GRANTED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after

being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 1st day of July, 2019.

_____
PATRICK J. HANNA